**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| RALPH CHOONOO, <br><br> Plaintiff, <br><br> v. <br><br> BERGEN COMMUNITY COLLEGE, *et al.*, <br><br> Defendants. | Civil Action No.: 23-20680 <br><br><br> **OPINION & ORDER** |

**CECCHI, District Judge.**

Before the Court is Defendants Bergen Community College and Eric Friedman's (collectively, "Defendants") partial motion to dismiss, ECF No. 42, the Second Amended Complaint, ECF No. 39 ("SAC"), under Federal Rule of Civil Procedure 12(b)(6). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Defendants' motion is GRANTED in part and DENIED in part**.**

I.      **BACKGROUND**

        A.      **Procedural History**

This is the second time Defendants have moved to dismiss Plaintiff's complaint. The Court granted Defendants' motion to dismiss Plaintiff's First Amended Complaint ("FAC") and allowed Plaintiff to amend. ECF No. 34. Plaintiff filed the SAC on June 18, 2025. Defendants then filed this motion. ECF No. 42. After Plaintiff failed to timely respond, the Court entered an order directing Plaintiff to respond to the motion by March 19, 2026, or the motion would be deemed unopposed but nonetheless considered on the merits. ECF No. 43. Plaintiff failed to respond, so the Court now deems the motion unopposed and will consider it on its merits. *See Uddin v. Goodson*, No. 15-8025, 2017 WL 945082, at *3 (D.N.J. Mar. 10, 2017) ("When plaintiffs fail to file an opposition to a motion to dismiss, the Court must address the unopposed motion to dismiss

on its merits."); *Jenkins v. Young*, No. 13-2466, 2014 WL 7365803, at *6 (D.N.J. Dec. 23, 2014); *see also Starr v. Equifax*, No. 22-5012, 2024 WL 816223, at *3 (E.D. Pa. Feb. 27, 2024).

### B.  Plaintiff's Allegations

This case arises from Plaintiff's termination by his employer, Bergen Community College ("BCC"), and its President, Eric Friedman ("Friedman"). SAC ¶¶ 9, 18. Plaintiff claims he was terminated due to his age and harassed during his employment. *Id.* ¶¶ 15, 42, 46. He further alleges that Defendants breached the parties' separation agreement when Friedman and BCC did not circulate Plaintiff's farewell letter to his colleagues. *Id.* ¶¶ 21–24, 27–30. Plaintiff also contends that Defendants made defamatory statements. *Id.* ¶ 50. Plaintiff asserts these claims as violations of the Age Discrimination in Employment Act (Count I), violations of the New Jersey Law Against Discrimination (Count II), defamation (Count III), and breach of contract (Count IV). Defendants move to dismiss Counts III and IV for the second time, and to dismiss Counts I and II as to Defendant Friedman for the first.

## II.  LEGAL STANDARD

To survive dismissal under Rule 12(b)(6), a complaint must meet the pleading requirements of Rule 8(a)(2) and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). In evaluating the sufficiency of a complaint, a court must also draw all reasonable inferences in favor of the non-moving party. *Phillips v. City of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). Courts "must construe pro se pleadings liberally." *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019). Ultimately, a complaint "that offers 'labels and conclusions' or . . . tenders 'naked assertions' devoid of further factual enhancement," will not withstand dismissal under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678 (citations omitted).

2

## III.   DISCUSSION

### A.   Count III: Defamation

The Court will dismiss Plaintiff's defamation claim because he failed to provide sufficient notice under the New Jersey Tort Claims Act ("NJTCA").  In its order dismissing the FAC, the Court explained that a plaintiff is required to "file a notice of tort claim with the public entity defendant within ninety days of the incident and to wait for at least six months from the date the notice of claim is received before filing suit."  ECF No. 34 at 2 (citing *Wanco v. Twp. of Rochelle Park*, No. 14-7413, 2017 WL 3158752, at *10 (D.N.J. July 24, 2017)).  A claim covered by the NJTCA must be dismissed if the complaint does not allege that the plaintiff provided notice in accordance with the NJTCA.  *Severino v. Middlesex Cnty. Prosecutor's Off.*, No. 19-19164, 2020 WL 5517539, at *6 (D.N.J. Sept. 14, 2020).

As in the FAC, Plaintiff fails to allege appropriate notice here.  *See* ECF No. 34 at 2–3. That is—even when drawing all reasonable inferences in favor of Plaintiff—every plausible instance of notice in the SAC pertains to Count IV, Plaintiff's breach of contract claim, not his defamation claim.  *See* SAC ¶ 25 (correspondence "advising [Defendants] of the breach of the settlement agreement"), ¶ 36 (describing "email to Defendants' General Counsel, informing [them of] key omissions in the contract, and that he intended to file a lawsuit"), ¶ 55 (Plaintiff's then attorney sent email to Defendants outlining "failure to share Plaintiff's farewell letter to all employees as promised").  Additionally, Plaintiff alleges he informed Defendants that he filed a claim with the EEOC, which put Defendants on notice of his defamation claim.  *Id.* ¶¶ 8, 38–39. However, the EEOC complaint attached to the SAC is for breach of contract.[1]  ECF No. 39 at 13– 14 (requesting EEOC right to sue letter because "of a violation in the settlement condition that has

---

[1] When ruling on a 12(b)(6) motion a court may consider "exhibits attached to the complaint." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)

led to my inability to find a job"). Therefore, Plaintiff has not plausibly alleged that Defendants were notified of his defamation suit as required by the NJTCA. As such, Count II is dismissed.

### B.   Count IV:  Breach of Contract

Plaintiff similarly fails to state a breach of contract claim. As in the FAC, Plaintiff does not sufficiently plead how Defendants' purported breach of the parties' separation agreement resulted in damages. ECF No. 34 at 3–4.

Under New Jersey law, a breach of contract claim must sufficiently plead "(1) a valid contract between the parties, (2) an obligation or duty arising out of that contract, (3) a breach of that duty, and (4) damages caused by the breach." *Alban v. Kawasaki Kisen Kaisha, Ltd.*, No. 22-2754, 2023 WL 3863095, at *2 (3d Cir. June 7, 2023); *see also Goldfarb v. Solimine*, 245 A.3d 570, 577 (N.J. 2021). Plaintiff alleges that the separation agreement required Defendants to circulate his farewell letter to his colleagues. SAC ¶¶ 21–23. Plaintiff asserts that Defendants breached this obligation by sending his farewell statement to only thirty-five out of over 800 colleagues. *Id.* ¶ 28. This, Plaintiff contends, limited his ability to network and advance his career because he was unable to address alleged rumors that he was removed from campus in hand cuffs. *Id.* ¶¶ 23, 31–33, 52. In its order dismissing the FAC the Court reasoned that, "Plaintiff does not explain how Defendants' breach hindered his ability to network with former colleagues, nor does he point to any instance in which his networking attempts failed as a result of the breach." ECF No. 34 at 4.

Plaintiff attempts to remedy this by now alleging that "[i]n September 2022 Plaintiff was interested in two positions within the community college system to which he was unable to apply to as there were rumors circulating throughout the community college system about his sudden departure [from BCC] in handcuffs." SAC ¶ 26. Even when drawing all reasonable inferences in Plaintiff's favor, the Court is still unable to see how Defendants' purported breach resulted in

damages. *Phillips*, 515 F.3d at 234. That is, the SAC does not explain how the alleged rumors in fact prevented Plaintiff from applying for these positions. For example, Plaintiff does not allege that either of the prospective employers barred him from applying, advised him not to apply, or deemed him ineligible to apply due to the rumors. Moreover, the alleged theory of damages is too speculative. Essentially, Plaintiff contends that rumors circulated because he was unable to send a farewell letter; a letter would have dispelled those rumors; and that dispelling the rumors would have enabled Plaintiff to apply for the two positions. In sum, Plaintiff's SAC includes insufficient "factual allegations to raise [his] right to relief above the speculative level." *MicroBilt Corp. v. Certain Underwriters at Lloyd's, London*, No. 20-12734, 2021 WL 5238995, at *2 (D.N.J. Nov. 10, 2021). Plaintiff, therefore, has not adequately alleged a breach of contract claim. Accordingly, Count IV is dismissed.

### C.    Count I:  Federal Age Discrimination in Employment Act

Plaintiff also alleges age-based employment discrimination under the federal Age Discrimination in Employment Act ("ADEA"). As an ADEA claim cannot be asserted against an individual, Count I is dismissed as applied to Defendant Friedman. *See Mann v. Estate of Meyers*, 61 F. Supp. 3d 508, 528–29 (D.N.J. 2014) ("The ADEA creates liability for employers, not individuals—even controlling individuals—acting on behalf of the employer" and collecting cases).

### D.    Count II:  New Jersey State Law Against Discrimination

Plaintiff's second count similarly alleges age-based employment discrimination under the New Jersey State Law Against Discrimination ("NJLAD"). Defendants contend that the "definition of employer in the [NJ]LAD does not include a supervisor," and therefore Count II must be dismissed against Plaintiff's supervisor, Defendant Friedman. ECF No. 41 at 15; SAC ¶ 14.

Case 2:23-cv-20680-CCC-AME Document 44 Filed 04/29/26 Page 6 of 7 PageID: 334

Defendants do not acknowledge, however, that while NJLAD's definition of an employer does not include a supervisor, an individual supervisor can nevertheless be liable under NJLAD for discrimination if they "aid, abet, incite, compel or coerce any of the acts forbidden" by the NJLAD. *O'Toole v. Tofutti Brands, Inc.*, 203 F. Supp. 3d 458, 467 (D.N.J. 2016) (citation omitted); *see also Tarr v. Ciasulli*, 853 A.2d 921, 928 (N.J. 2004) (noting aiding, abetting, or otherwise facilitating acts that violate the NJLAD "may result in personal liability"). The separate question as to whether Plaintiff provides sufficient factual allegations to state a claim under an aiding or abetting theory is not before the Court as neither party has briefed the issue. As such, Defendants' motion to dismiss Count II as to Defendant Friedman is denied without prejudice.

## IV.    **CONCLUSION**

For the reasons discussed above Defendants' partial motion to dismiss, is granted in part and denied in part.

**Accordingly, IT IS** on this 29th day of April, 2026.

**ORDERED** that, Defendants' partial motion to dismiss, ECF No. 42, is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that Counts Three and Four of Plaintiff's Second Amended Complaint, are hereby dismissed without prejudice, as against Bergen Community College and Eric Friedman; and it is further

**ORDERED** that Count One of Plaintiff's Second Amended Complaint is dismissed without prejudice as against Eric Friedman; and it is further

**ORDERED** that Defendants' motion to dismiss Count Two as to Defendant Friedman is denied without prejudice; and it is further

**ORDERED** that Plaintiff shall have thirty (30) days from entry of this Opinion and Order to submit an amended complaint that addresses the deficiencies identified in this Opinion. Insofar

as Plaintiff submits a further amended complaint, he shall also provide a form of the amended complaint that indicates in what respect it differs from the current complaint, by bracketing or striking through materials to be deleted and underlining materials to be added.  *See* L. Civ. R. 15(a)(2).

      **SO ORDERED.**

*s/ Claire C. Cecchi*

**CLAIRE C. CECCHI, U.S.D.J.**